# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| CINDY KING, ) | CASE NO. 07-60392 |
| ) | |
| Debtor. ) | JUDGE RUSS KENDIG |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT INTENDED FOR** |
| ) | **PUBLICATION)** |

Cindy King (hereafter "Debtor") filed a chapter 13 petition on February 20, 2007. Debtor did not file a certificate demonstrating compliance with 11 U.S.C. § 109. Instead, she checked box three on Official Form 1, Exhibit D and indicated she requested, but was unable to obtain, credit counseling and had exigent circumstances for a waiver of the requirement. She did not identify any exigent circumstances on the form, nor did she file a motion requesting a waiver. The matter is now before the court *sua sponte*.

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The Bankruptcy Abuse Prevention and Consumer Protection Act (hereafter "BAPCPA") enacted in 2005 mandated that debtors obtain counseling prior to filing bankruptcy. *See* 11 U.S.C. § 109(h). There are limited exceptions to the requirement. Under 11 U.S.C. § 109(h)(2)(A), the requirement does not apply in districts where a designated official determines that adequate counseling services are not available; this exception is not applicable in this district. The other exception is found in section 109(h)(3), which provides, in relevant part, that a prefiling credit counseling certificate is not required:

> with respect to a debtor who submits to the court a certification that--
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and

(iii)    is satisfactory to the court.

All three prongs must be satisfied to be excused from the credit counseling requirement.

Specific instructions are included in paragraph three of Official Form 1:

> *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]* _____
> _____.

In spite of the clear direction, debtor failed to file a motion and failed to summarize the exigent circumstances underlying her request. She has failed both procedurally and substantively to appropriately request a temporary waiver of the credit counseling requirement. Consequently, debtor cannot prove that she is entitled to be excepted from the requirements of section 109.

Pursuant to 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless he or she completed a briefing ("briefing") outlining the opportunities for credit counseling and assisting in performing a related budget analysis in the 180 days prior to filing the petition. The language of the statutes is clear that this must be completed <u>before</u> filing the petition or the individual does not qualify to be a debtor. It is clear Debtor has failed to satisfy this requirement and is therefore ineligible to be a debtor. Debtor's case will be dismissed.

Debtor is advised that this decision, and the resulting dismissal, does not relieve her of the obligation to pay the filing fee. The full filing fee is due the United States Bankruptcy Court for the Northern District of Ohio. Debtor is ordered to pay the fee in accordance with the order granting the motion to pay the filing fee in installments:

$100.00 on or before 3-30-07
$100.00 on or before 4-30-07
$ 74.00 on or before 5-30-07

Failure to make the payments outlined in this schedule may result in further action, including actions for contempt and sanctions.

An order in accordance with this decision shall be entered forthwith.

/s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

FEB 27 2007

**Service List**:

Cindy King
447 N. Franklin Ave.
Alliance, OH 44601

Toby L. Rosen
Charter One Bank Building, 4th Floor
400 W. Tuscarawas St.
Canton, OH 44702

Office of the United States Trustee
201 Superior Ave., East
Suite 441
Cleveland, OH 44114